**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PICKNEY**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                    **NUMBER: 22-3277**

**EXPERIAN**                                                                                   **SECTION: "L"(4)**

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant's Motion to Dismiss for Lack of Prosecution. R. Doc. 20. The Plaintiff did not respond to the motion by the deadline. The court rules as follows.

**I.      BACKGROUND**

This case arises out of alleged negligence by Defendant Experian Information Solutions, Inc.[1] ("Experian") to Plaintiff Jasmine Pickney. R. Doc. 4 at 1. Plaintiff alleges that, around March 2021, she sent a dispute to Defendant, a consumer reporting agency, disputing the completeness and/or accuracy of a trade line by NBC Management Service. *Id*. Plaintiff alleges that Defendant behaved negligently and/or willfully failed to follow reasonable procedures to ensure maximum accuracy of the dispute. *Id*. Plaintiff also alleges Defendant failed to investigate, delete, or modify the disputed information and provide a response within 30 days of receipt of dispute. *Id*. However, Defendant allegedly incorrectly reported the account as derogatory, missing payment history, monthly payment amounts missing, past due amount missing, account status missing, and incorrect balance. *Id*.

Plaintiff brought suit against Defendant, asserting negligence. *Id.* Plaintiff seeks damages including, but not limited to: (1) actual, statutory, and punitive damages; and (2) costs under the Fair Credit Reporting Act. *Id.*

---

[1] Plaintiff named Experian as the Defendant in her complaint, however, Defendant has noted that correct name is Experian Information Solutions, Inc.

Defendant generally deny Plaintiff's allegations and assert a number of affirmative defenses, including: (1) truth or accuracy of information; (2) indemnification; (3) contributory or comparative fault; (4) estoppel; (5) independent intervening causes; (6) failure to mitigate damages; (7) punitive damages; (8) unclean hands; (9) statute of limitation, and (10) latches. R. Doc. 9 at 2-4.

Plaintiff filed against Experian in Federal Court under 15 U.S.C. § 1681. R. Doc. 4 at 1.

## II.    PRESENT MOTION

Defendant asks that this Court dismiss Plaintiff's claims against it due to failure to prosecute. Defendant argues that Plaintiff has failed to respond to discovery requests, and that it informed the Court of Plaintiff's failure to participate in discovery in a February 7, 2023 letter. R. Doc. 20-1 at 2. The Court told the Plaintiff that she needed to take part in discovery during a February 13, 2023 status conference, but she failed to do so. *Id.* at 3. Since that time. Defendant alleges, they have not received responses from Plaintiff. *Id.* She has failed to appear at a Court-set status conference or to answer this Court's order to show cause issued to her on March 16, 2023. *Id.* As a result, Defendant asks that her claims be dismissed, or that the scheduling order be altered to change discovery deadlines since no discovery has taken place. *Id.* at 5-6.

## III.    LAW AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). *See Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("Under Rule 41(b), a defendant may move to dismiss the action or any claim against it if the plaintiff fails to prosecute or to comply with these rules or a court order.").

A dismissal is with prejudice "if 'the statute of limitations prevents or arguably may prevent' a party from refiling after the dismissal." *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008) (citing *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)). Dismissals with prejudice under Rule 41(b) "are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Stearman v. Commissioner*, 436 F.3d 533, 535 (5th Cir. 2006). "In most cases, a plain record of delay or contumacious conduct is found if one of the three aggravating factors is also present: (1) delay caused by the plaintiff; (2) actual prejudice to the defendant; or (3) delay as a result of intentional conduct." *Id.*

In this instance, Plaintiff's claims would be time-barred if she were to re-file them. Under the FCRA, the statute of limitations is the earlier of two years after the date of discovery by the plaintiff of the violation, or five years after the date on which the violation occurred. 15 U.S.C. § 1681p. Because Plaintiff alleges that she sent her dispute letter to Experian in March 2021, the statute of limitations would have expired in March in 2023. As a result, this Court must treat the Defendant's motion as a request for dismissal with prejudice.

Recognizing the high bar for dismissal with prejudice under Rule 41(b), the Court finds that it is satisfied here. Defendant alleges that, despite receiving requests for certain information as early as November 2022, Plaintiff did not provide that information until February 2023; subsequently, she has not provided any more information or responded to attempts by Defendant to contact her. R. Doc. 20-1 at 5. As Defendant notes, this Court did receive a letter from the Defendant prior to the first telephone status conference, in which the Defendant detailed its

contacts with the Plaintiff asking for answers to discovery requests. R. Doc. 20-2 at 1. At that status conference, on February 13, 2023, the Court informed the Plaintiff that she needed to take part in the discovery process. R. Doc. 16. She failed to take part in the status conference this Court scheduled on March 16, 2023, and she did not answer this Court's order to show cause as to why she did not appear. R. Doc. 19. She did not submit witness and exhibit lists by the deadline indicated on the Court's December 20, 2022 scheduling order. R. Doc. 14. She did not respond to Defendant's motion, and has not made any attempt to counter the Defendant's claims that she is not taking part in the discovery process.

This series of events demonstrates both delay by the Plaintiff and that the Court's admonitions to Plaintiff about the need to participate in the discovery process—both via verbal warning and with an order to show cause—were not successful. Furthermore, two of the aggravating factors discussed in *Stearman* are present here: Plaintiff has caused the delay in the litigation, and has done so as a result of her own intentional conduct. This Court recognizes that litigation is a difficult and often intimidating undertaking for *pro se* plaintiffs. However, prosecuting a case requires that any Plaintiff participate in the discovery process and comply with Court orders and deadlines. This Plaintiff has not done so.

## IV.   JUDGMENT

**IT IS ORDERED** that Plaintiff's suit be dismissed with prejudice.


New Orleans, Louisiana, this 9th day of May, 2023.


_____
UNITED STATES DISTRICT JUDGE